JS-6
O

# United States District Court
# Central District of California

| | |
|---|---|
| STRATEGIC ACQUISITIONS, INC., a California corporation; MAKE IT NICE, LLC, a California limited liability company<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GREAT AMERICAN INSURANCE COMPANY, an Ohio corporation; HERCULES COMMUNITY CORPORATION, a California corporation; WILLIAM REINGOLD, an individual; and DOES 3 through 10, inclusive,<br><br>　　　　　Defendants. | Case № 2:17-cv-06770-ODW (JC)<br><br>**ORDER REMANDING TO STATE COURT [26]; AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [19]** |

　　On September 14, 2017, Defendant Great American Insurance Company removed this action from state court. (ECF No. 1.) On September 21, 2017, Great

American filed a motion to dismiss, which the Court later denied as moot because Plaintiffs Strategic Acquisitions, Inc. and Make It Nice, LLC filed a First Amended Complaint ("FAC"). (ECF Nos. 9, 13, 16.) On October 16, 2017, Great American again moved to dismiss. (ECF No. 19.)

On October 16, 2017, Plaintiffs Strategic Acquisitions, Inc. and Make It Nice, LLC filed a Request for Order to Show Cause re: Lack of Diversity Jurisdiction. (ECF No. 22.) Plaintiffs claimed that the Court does not have jurisdiction because not all parties are diverse, in light of the parties added in Plaintiffs' FAC. (*See id.*)

On October 17, 2017, the Court issued an Order to Show Cause requiring Great American to explain why this case should not be remanded to state court in light of the addition of non-diverse defendants. (ECF No. 23.) On October 23, 2017, Great American filed a response arguing that the Court should exercise jurisdiction because the defendants Plaintiffs added in their FAC were solely designed to destroy diversity jurisdiction. (*See generally* Resp., ECF No. 26.) For the reasons set forth below, the Court declines to exercise jurisdiction, and **REMANDS** this matter to state court.

## I. RELEVANT BACKGROUND

Plaintiffs were the named insureds on a Commercial General Liability ("CGL") insurance policy issued by Great American, which purported to cover real property in Agoura Hills, California (the "Property"). (FAC ¶¶ 8–11.) The Property sustained water damage and Plaintiffs made a claim on the policy. (*Id.*) On October 27, 2016, Great American paid the claim by issuance of a check. (*Id.* ¶ 12.) However, Plaintiffs never received the check, and, despite Plaintiffs' requests, Great American never reissued the check. (*Id.* ¶ 13.) Plaintiffs allege that the defendants Hercules Community Corporation ("Hercules") and William Reingold, who were added in the FAC, fraudulently endorsed, and then cashed, the check. (*Id.* ¶ 14.) Plaintiffs assert claims for breach of contract and failure to pay monetary benefits against Great American, and a claim for conversion against Hercules and Reingold. (*See generally* FAC.)

## II. LEGAL STANDARD

A civil action may be removed from state court if a district court would have original jurisdiction over the action. 28 U.S.C. § 1441(a). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A federal court must determine its own jurisdiction, even where there is no objection. *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Because federal courts are of limited jurisdiction, they possess original jurisdiction only as authorized by the Constitution and federal statute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

## III. DISCUSSION

Great American argues that the Court should exercise jurisdiction because Plaintiffs are simply trying to avoid the fact that they do not have a claim against Great American, as set forth in Great American's Motion to Dismiss. (Req. 1–2.) This argument is equally available to Great American in state court.

There is a split in authority regarding whether the liberal standard for amending a pleading as of right pursuant to Federal Rule of Civil Procedure 15(a) includes the ability to add parties that destroy diversity jurisdiction. *Compare In re CBT Group PLC Sec. Litig.*, No. C–98–21014–RMW, 2000 WL 33339615, at *5 n.6 (N.D. Cal. Dec. 29, 2000) ("Finally, as this court has previously held, joinder of a party when amending the pleadings should be analyzed under the liberal amendment policy of Rule 15."), *with Greer v. Lockheed Martin*, No. CV 10–1704 JH (HRL), 2010 WL

3168408, at *4 (N.D. Cal. Aug. 10, 2010) ("Thus, when a plaintiff amends her complaint after removal to add a diversity-destroying defendant, this Court will scrutinize the amendment pursuant to 28 U.S.C. § 1447(e)"); *see also McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014) (collecting cases). Here, Plaintiffs amended their complaint as a matter of right when they filed the FAC on October 9, 2017—eighteen days after Great American filed its responsive pleading. (ECF No. 13.) Federal Rule of Civil Procedure 15(a)(1) allows Plaintiffs to file an amended complaint once as a matter of course within twenty-one days of service with a Rule 12(b) motion. Whether the Court employs the liberal amendment policy of Rule 15, or the standard in section 1447(e), the decision of whether to exercise jurisdiction or remand is within the Court's discretion. 28 U.S.C. § 1447(e) ("[T]he court may deny joinder, or permit joinder and remand the action to the State court."). And, in any event, the Court may not exercise jurisdiction to the extent that the non-diverse parties remain in this case. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1374 (9th Cir. 1980) (holding addition of non-diverse party by amendment divests district court of jurisdiction). The Court finds the liberal policy of amendment in Rule 15 should be applied here, but consideration under Section 1447(e) warrants remand.

> Great American proposes that the Court consider these six factors:
> > (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). These factors favor Plaintiffs' amendment, and mandate remand:

- <u>Joinder of new defendants</u>: The Court finds this factor tips in favor of allowing the amendment, and remanding to state court. The new defendants are the parties allegedly responsible for fraudulently endorsing the check, which is the reason that Plaintiffs seek recovery from Great American. (FAC ¶¶ 12–14.) All parties have an interest in being able to conduct discovery as to whether, and why, Hercules and Reingold endorsed and cashed the check Great American issued, and will be able to do so with many of procedural vehicles afforded in litigation only if they are parties to the lawsuit.
- <u>Statute of limitations</u>: While the statute of limitations would not bar a state court action by Plaintiffs against Hercules and Reingold, considerations of judicial efficiency override this factor because of the likely overlap of relevant facts. There is no reason to have duplicative, parallel actions in state and federal court, when Plaintiffs can litigate their claims in one case, and in one forum.
- <u>Delay & Plaintiffs' intent</u>: Great American claims Plaintiffs added Hercules and Reingold solely to defeat diversity jurisdiction, as evidenced by their delay in adding the parties. (Resp. 13.) On October 6, 2017, Plaintiffs filed a Notice of Intent to File a First Amended Complaint in lieu of responding substantively to Great American's pending Motion to Dismiss, which was their right. Fed. R. Civ. P. 15(a)(1); *see also In re CBT Group PLC Sec. Litig.*, 2000 WL 33339615, at *5 n.6. While Plaintiffs failure to file the FAC until after being presented with Great American's Motion to Dismiss may raise suspicions regarding Plaintiffs' intent in adding the non-diverse defendants, the

Court still finds that this factor is outweighed by considerations of judicial economy given that Hercules and Reingold are the parties who allegedly started the domino effect leading to Plaintiffs' claims against Great American. Further, Plaintiffs will not be able to evade Great American's substantive arguments forever, as Great American may challenge the legal bases of Plaintiffs' FAC in state court.

- <u>Validity of claims & prejudice to Plaintiffs</u>: Plaintiffs' claims against Hercules and Reingold are valid on their face. If, as Plaintiffs allege, Hercules and Reingold fraudulently endorsed and cashed the check that Great American issued, then they likely have a claim for conversion against those defendants. To the extent Plaintiffs are required to litigate their claims against Hercules and Reingold in a separate lawsuit, they will likely be prejudiced because of the potentially overlapping discovery and modes of proof required for all of their claims, which arise out of a common nucleus of fact.

Further, Great American will not be prejudiced by remand because it too will be able to make its substantive arguments as to why Plaintiffs do not have a claim against it in state court. In light of the analysis above under the section 1447(e) standard, and the liberal amendment policy afforded by Rule 15, the Court finds that the addition of Hercules and Reingold to the FAC was proper, and thus destroyed diversity jurisdiction. Fed. R. Civ. P. 15(a)(1); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998); *Desert Empire Bank*, 623 F.2d at 1374 (holding addition of non-diverse party by amendment divests district court of jurisdiction); *In re CBT Group PLC Sec. Litig.*, 2000 WL 33339615, at *5 n.6.

//
//
//
//

## IV. CONCLUSION

For the reasons set forth above, the Court finds the addition of Hercules and Reingold as non-diverse defendants divests it of diversity jurisdiction. Accordingly, the Court **REMANDS** this case to state court. The Court also **DENIES** Defendant's Motion to Dismiss, as moot.

**IT IS SO ORDERED.**

October 25, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**